IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-28,594-13






EX PARTE ARTHUR ROY MORRISON, Applicant




 



ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. F-0755832-S IN THE 282ND DISTRICT COURT


FROM DALLAS COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this amended application for writ of habeas corpus. 
Ex parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of
aggravated assault and sentenced to thirty-five years' imprisonment. The Fifth Court of Appeals
affirmed his conviction. Morrison v. State, No. 05-08-00336-CR (Tex. App.-Dallas Jul. 21, 2009)
(unpublished). 

 Applicant contends, among other things, that his trial counsel rendered ineffective assistance
because he refused to allow Applicant to testify at trial. 

 Applicant has alleged facts that, if true, might entitle to relief. Strickland v. Washington, 466
U.S. 668 (1984); Rock v. Arkansas, 483 U.S. 44, 50-53 (1987). In these circumstances, additional
facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960),
the trial court is the appropriate forum for findings of fact. The trial court recommended dismissing
Applicant's writ application filed in the trial court on April 28, 2011 as non-compliant. However,
neither the trial court nor the State have addressed Applicant's amended writ application filed in the
trial court on July 27, 2011. The trial court shall order Applicant's trial counsel to respond to
Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in
Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its
personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether applicant is indigent. If
applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney
to represent applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced applicant. The
trial court shall make specific findings as to whether counsel informed applicant of his right to testify
and whether counsel prevented Applicant from testifying against Applicant's wishes. The trial court
shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: December 14, 2011

Do not publish